FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**
**OMAHA DIVISION**

08 FEB -6  PM 12: 53

OFFICE OF THE CLERK

MORRIS McCONNELL,                    )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )        No. 8: 08CV63
                                     )
UNION PACIFIC RAILROAD COMPANY,      )        TRIAL BY JURY DEMANDED
                                     )
        Defendant.                   )

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, MORRIS McCONNELL, by and through his attorneys,

RICHARD A. HAYDU and HOEY & FARINA, and for his Complaint against the Defendant,

UNION PACIFIC RAILROAD COMPANY, states as follows:

1.      Jurisdiction of this Court is invoked under the provisions of Title 45 U.S.C. §56 and

Title 28 U.S.C. §1331.

2.      This action arises under, and the rights and liabilities of the parties to this cause are

governed by, the Federal Employers' Liability Act, 45 U.S.C. §51, *et seq*.

3.      At all pertinent times, Defendant, UNION PACIFIC RAILROAD COMPANY, was

and is a foreign corporation authorized to do business and doing business in the State of Nebraska.

4.      At all pertinent times, Defendant, UNION PACIFIC RAILROAD COMPANY,

operated a railroad system as a common carrier of freight in and through the various states.

5.      On and before May 2, 2005, MORRIS McCONNELL was an employee of

Defendant, UNION PACIFIC RAILROAD COMPANY.

6.      On May 2, 2005, MORRIS McCONNELL was on duty as an engineer in the course of his employment by Defendant, UNION PACIFIC RAILROAD COMPANY, and assigned to operate a locomotive engine on Defendant's line at or near North Bend, Nebraska.

7.      At said time and place, the train was also manned by an employee of Defendant acting as conductor who, under Defendant's rules, was in charge of said train and who was equipped with an emergency brake valve at his work station.

8.      At all pertinent times, MORRIS McCONNELL was performing work for Defendant, UNION PACIFIC RAILROAD COMPANY, in connection with or in furtherance of Defendant's business of interstate commerce and transportation.

9.      At said time and place, the locomotive, signals and the tracks over which Defendant operated were owned, operated, managed and maintained by Defendant, UNION PACIFIC RAILROAD COMPANY.

10.     Prior to said time, Plaintiff had so been employed as a locomotive engineer subject to answering calls to work made by Defendant and subject to a work schedule dictated by Defendant.

11.     In the course of his duties as an engineer at that time, MORRIS McCONNELL was given instruction to proceed down said tracks, at which time his train collided with another train stopped on the same tracks.

12.     It was the continuing duty of Defendant, UNION PACIFIC RAILROAD COMPANY, as employer, at the time and place in question, to use ordinary care in furnishing Plaintiff with a safe place to work.

13.     In violation of its duty under the Federal Employers' Liability Act, Defendant, UNION PACIFIC RAILROAD COMPANY, negligently and carelessly failed to provide MORRIS McCONNELL with a safe place to work by committing the following negligent acts or omissions pleading in the alternative:

      a.    Dispatching Plaintiff's train onto tracks occupied by another train;

      b.    Failing to keep track of where its trains were located so as to avoid collision;

      c.    Failing to communicate proper instructions to Plaintiff;

      d.    Failing to warn its crews about the danger;

      e.    Equipping its locomotive with inoperative or ineffective cab signals which did not function as intended;

      f.    Requiring Plaintiff to be available to work and to work a schedule requiring so many hours of active service, travel to and from reporting for duty stations and consecutive days of service that Plaintiff was caused to be fatigued to the point where such fatigue reduced Plaintiff's alertness and ability to react to avoid the collision; and

      g.    By and through the action/inaction of Defendant's employee conductor on said train in failing to place said train into an emergency stop application at or near the red signal involved, or to stop said train at an earlier point when it was apparent the engineer was suffering from fatigue and/or failing to attempt to bring the Plaintiff to a state of alertness when it was apparent Plaintiff was fatigued and not alert.

14.     Defendant, UNION PACIFIC RAILROAD COMPANY's violation of the Federal Employers' Liability Act and above referenced actions caused Plaintiff's injury in whole or in part.

15.     As a direct and proximate result of the foregoing, MORRIS McCONNELL incurred injuries which will cause him pain and suffering and will cause him to lose earnings and sustain other damage.

3

WHEREFORE, the Plaintiff, MORRIS McCONNELL, demands judgment in his favor and against the Defendant, UNION PACIFIC RAILROAD COMPANY, in the amount of $3,000,000.00 plus costs.

Respectfully submitted,

_____
Attorney for Plaintiff

Richard A. Haydu
HOEY & FARINA
542 S. Dearborn Street
Suite 200
Chicago, IL 60605
(312) 939-1212

4